**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Peter O.,

        Petitioner,

v.

Todd Blanche, *AG*; Markwayne Mullin,
*DHS*; Samuel J. Olson, *Field Office*; Eric
Tollefson, *Sheriff Kandiyohi*; and Todd
Lyons, *Acting ICE Director*,

        Respondents.

Civil No. 26-2293 (DWF/DJF)

**MEMORANDUM**
**OPINION AND ORDER**

### INTRODUCTION

This matter is before the Court on Petitioner Peter O.'s petition for a writ of

habeas corpus (the "Petition"). (Doc. No. 1.)  Respondents oppose. (Doc. No. 7.)  For

the reasons set forth below, the Court denies the Petition.

### BACKGROUND

Petitioner is a citizen of South Sudan.  (Doc. No. 8-1 at 1.)  He entered the United

States on June 16, 1997, as a child.  (*Id.*)  He was admitted as a refugee and then, in

March 2000, adjusted his status to a lawful permanent resident.  (*Id.* at 2.)

Petitioner has a lengthy criminal history.  (*See* Doc. No. 8-1 at 3-6; Doc. No. 8-2.)

On June 15, 2004, after a 2003 theft conviction, Petitioner was issued a Notice to Appear.

(Doc. No. 8-7.)  On August 10, 2004, an immigration judge ordered that Petitioner be

removed to Sudan.  (Doc. No. 8-1 at 3.[1])  But he was not removed because U.S. Immigration and Customs Enforcement ("ICE") was unable to obtain travel documents; instead, he was released on an Order of Supervision ("OSUP") which imposed certain conditions on his release.  (*Id.*)  Between 2004 and 2018, ICE encountered Petitioner on multiple occasions.  (Doc. No. 8-1 at 3.)  Each time, he was released on an OSUP.  (*Id.*) On August 15, 2019, an immigration judge again ordered Petitioner's removal, this time to South Sudan or Sudan.  (Doc. No. 8-5 at 40.)  The judge also granted withholding of the removal.  (*Id.*)  He was again released on OSUP.  (Doc. No. 8-1 at 2.)  Following the withholding of removal order, Petitioner was arrested for and pleaded guilty to several additional crimes, including aggravated assault with a dangerous weapon in 2021.  (Doc. No. 8-2 at 1; *see* Doc. No. 8-1 at 6.)

On January 11, 2026, ICE issued an I-200, an administrative warrant, for Petitioner's arrest.  (Doc. No. 8-3.)  That same day, ICE issued a Notice of Revocation of Release based on the aggravated assault conviction.  (Doc. No. 8-4 at 1.)  On January 13, 2026, ICE served the I-200 and Notice of Revocation on Petitioner in Rapid City, South Dakota.  (Doc. No. 8-3 at 1; Doc. No. 8-4 at 2.)  Petitioner is currently detained at the Kandiyohi County Jail in Willmar, Minnesota.  (Doc. No. 8 ¶ 26.)

---

[1]     Respondents do not provide the official removal order, but they did supply a Form I-213 noting the removal order.  An I-213 is generally reliable evidence of citizenship status and deportability.  *See Rodriguez-Quiroz v. Lynch*, 835 F.3d 809, 821 (8th Cir. 2016) (citing *Matter of Barcenas*, 19 I. & N. Dec. 609, 611 (B.I.A. 1988)).  The provided documentation is sufficient proof that Petitioner is subject to a removal order.

Following the January 13th arrest, the Department of Homeland Security ("DHS") moved to reopen Petitioner's immigration proceedings based on the aggravated assault conviction. (Doc. No. 8-5 at 2-7.) On January 30, 2026, an immigration judge granted the motion and reopened removal proceedings to determine whether Petitioner's conviction barred withholding of removal. (*Id.* at 43.) On February 26, 2026, a different immigration judge granted the motion to terminate the withholding, finding that Petitioner's conviction constituted a particularly serious crime which barred the withholding or cancellation of removal. (Doc. No. 8-6 at 1.) The decision noted that Petitioner's only recourse would be deferral of removal under the Convention Against Torture. (*Id.*) Petitioner was sent a copy of that decision. (*Id.* at 4-5.) On March 20, 2026, an immigration judge held a hearing on the merits of Petitioner's application for protections under the Convention Against Torture and ordered Petitioner removed to Sudan. (Doc. No. 8 ¶ 23.) DHS is now in the process of obtaining travel documents to facilitate his removal. (*Id.* ¶ 25.)

Petitioner wrote the Petition on March 22, 2026. (Doc. No. 1 at 9.) The Court received it on April 20, 2026. (*Id.* at 1.) He challenges the length of and justification for his immigration detention on Fifth Amendment and statutory grounds. (*Id.* at 2, 6-7.) He also preemptively asks for a reasonable opportunity to seek withholding of removal in the event he is ordered removed to a country other than South Sudan. (*Id.* at 7.) He requests immediate release and that the agency action—presumably, the removal order—be set aside. (*Id.* at 8.) Petitioner also filed an emergency motion for temporary restraining order. (Doc. No. 2.) That motion was written on April 11, 2026, and received on

April 20, 2026. (*Id.* at 1.) On April 21, 2026, the Court granted the emergency motion only as to the request that Respondents be enjoined from removing him from the District of Minnesota pending the resolution of the Petition. (Doc. No. 4 at 2.) This is Petitioner's second attempt at habeas relief. He filed a similar petition in the District of South Dakota in January 2026, which was denied on February 20, 2026. *Oromo v. Olson*, No. 26-cv-05007, 2026 WL 483281 (D.S.D. Feb. 20, 2026).

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents invoke 8 U.S.C. § 1231 to justify Petitioner's detention. (Doc. No. 7 at 4.) Section 1231 applies to noncitizens who have been ordered removed from the United States. *See* 8 U.S.C. § 1231. Petitioner has now been ordered removed three times. While his removal was withheld before, such withholding was revoked after his aggravated assault conviction. He is actively subject to a removal order and is therefore subject to § 1231's mandatory detention scheme.

First, Petitioner challenges the revocation of his most recent OSUP and the steps ICE took to detain him. Upon revocation of a noncitizen's release, they must be notified

of the reasons for revocation and afforded an initial informal interview to respond to the

reasons for revocation promptly after their return to custody.  8 C.F.R. § 241.4(*l*)(1)

(2026).[2]  Petitioner was served with a Notice of Revocation of Release that informed him

that the aggravated assault case was the reason for the revocation of his release.  (Doc.

No. 8-4 at 1.)  Petitioner was then given an informal interview, during which he had the

opportunity to respond to the reasons but he refused.  (*Id.* at 3.)  Petitioner seems to argue

that this interview was an insufficient opportunity to be heard because it was conducted at

the same time that the notice of revocation was served.  (Doc. No. 10 at 1 (citing

*Samhan v. Noem*, No. 25-cv-25618, 2026 WL 911290, at \*6 (S.D. Fla. Apr. 2, 2026)

(finding that petitioner's opportunity to respond was not meaningful because he had no

opportunity to gather and present documentation)).)  The case on which Petitioner relies

is materially distinguishable.  There, the petitioner had not violated the conditions of his

release and the respondents did not explain why his release was revoked, so the petitioner

had no way of responding substantively.  *Samhan*, 2026 WL 911290, at \*1, 6.  Here, the

notice of revocation pointed to the aggravated assault conviction, so Petitioner knew the

reason for revocation and could have substantively responded but he chose not to

respond.  Petitioner has not shown that Respondents violated procedure or due process in

detaining him.[3]

---

[2]     Petitioner referenced 8 C.F.R. § 241.13 in the Petition and § 241.4(*l*) in his reply. (Doc. No. 1 at 7; Doc. No. 10 at 1.)  The relevant regulation is § 241.4(*l*) because his release was revoked due to violation of the conditions of his release.

[3]     Petitioner further cites to two cases which are likewise distinguishable.  First, in *Virachak v. Baltazar*, the petitioner was not given a notice of revocation or any

Second, Petitioner challenges the length of his detention.  Detention under § 1231 is time limited.  A noncitizen with a final removal order can be detained for only ninety days, absent special circumstances warranting longer detention.  8 U.S.C. § 1231(a)(1), (a)(3).  The ninety-day period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.

> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B).  Petitioner's opportunity to appeal his order of removal expired on April 20, 2026, so it became administratively final on that date.  He is still well within the ninety-day limit on detention.  *See, e.g.*, *Goaner W. v. Sec'y of Homeland Sec.*, No. 18-cv-1811, 2019 WL 11648600, at *3 (D. Minn. May 10, 2019) (discussing the time limits imposed by § 1231).  Additionally, even after the ninety-day period, detention may be reasonable if there is a significant likelihood of removal in the reasonably foreseeable future.  *See Zadvydas*, 533 U.S. at 689, 701 (recognizing a six-month period during which detention is presumptively reasonable but noting that after six months the government must show that removal is reasonably foreseeable to warrant continued

---

opportunity to respond.  No. 26-cv-391, 2026 WL 746285, at *5 (D. Colo. Mar. 17, 2026).  Second, in *Ahmed v. Olson*, the notice of revocation did not explain what circumstances had changed to warrant revocation.  No. 26-cv-89, 2026 WL 836123, at *4-5 (E.D. Ky. Mar. 26, 2026).  As explained, Petitioner was given a notice that clearly explained why his release was revoked.

detention).  At this time, Petitioner's detention is not unlawful under § 1231 or *Zadvydas*.

The Court denies the Petition without prejudice.[4]

Finally, Petitioner's preemptive request for reasonable opportunity to seek

withholding of removal to a third country is also denied.  Withholding of removal is at

the discretion of the immigration court.  *See, e.g.*, *Johnson v. Guzman Chavez*, 594

U.S. 523, 528, 530-32 (2021) (discussing an immigration court's power over withholding

of removal and the withholding of removal process).  Petitioner has no recourse through

this Petition regarding his removal order.

---

[4]     Petitioner also argues for release based on alleged ineffective assistance of counsel
on his first habeas petition because (1) the judge ordered release but his lawyer did not
tell him and (2) his lawyer did not inform him of his appeal rights.  (Doc. No. 1 at 8.)

As an initial matter, ineffective assistance of counsel is not a cognizable habeas
claim in a civil matter because there is no constitutional right to counsel for civil matters.
*See Greene v. Harpstead*, No. 18-cv-428, 2022 WL 17363972, at *8 (D. Minn. Oct. 5,
2022), *report and recommendation adopted*, 2022 WL 17363227 (D. Minn. Dec. 1,
2022).  This basis of the habeas petition is denied.

Additionally, Petitioner is not entitled to release on these grounds.  First, the judge
did not order Petitioner's release.  *See Oromo*, 2026 WL 483281, at *3.  Second,
Petitioner cannot show prejudice due to the alleged deficient performance because any
appeal of the District of South Dakota order would now be moot.  *See Strickland v.
Washington*, 466 U.S. 668, 693 (1984) (requiring proof of prejudice—meaning that the
outcome would have change—for ineffective assistance of counsel claims).  Since that
time, an immigration judge has ordered Petitioner removed, which means he is now
detained pursuant to § 1231.  Petitioner is therefore not currently detained because of
prior counsel's action or inaction in the District of South Dakota case.  These arguments
are irrelevant and denied as moot.

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **DENIED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 7, 2026                    s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge